NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3428

GINGER L. GAFFORD,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

UNITED STATES POSTAL SERVICE,

Intervenor.

Ginger L. Gafford, of Dallas,Texas, pro se.

Raymond W Angelo, Attorney, Office of General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Ray E. Donahue, Attorney, Law Department, United States Postal Service, of Washington, DC, for Intervenor. With him on the brief was Lori J. Dym, Chief Counsel. Also on the brief was Peter D. Keisler, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. Of counsel was Gregg Schwind, Attorney.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3428

GINGER L. GAFFORD,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

UNITED STATES POSTAL SERVICES,

Intervenor.

_____

DECIDED: May 14, 2007

_____

Before GAJARSA and PROST, <u>Circuit Judges</u>, and OTERO, <u>District Judge</u>.[*]

PER CURIAM.

Ginger L. Gafford petitions for review of the final order of the Merit Systems Protection Board ("Board") dismissing Ms. Gafford's appeal for lack of jurisdiction. We <u>affirm</u>.

BACKGROUND

At the time of her resignation, Ms. Gafford was employed as a Field Attorney with the United States Postal Service, Office of the Inspector General ("agency"). She was

_____

[*] Honorable S. James Otero, District Judge, United States District Court for the Central District of California, sitting by designation.

hired in February 2002 and was one of three Field Attorneys employed by the agency. Two of the Field Attorneys, including Ms. Gafford, were stationed in Dallas, Texas, and the third was stationed in San Francisco, California.

In March 2004, Ms. Gafford was verbally notified that the agency was undergoing a restructuring plan. Ms. Gafford was informed that, pursuant to that plan, she and the other two Field Attorneys would be reassigned to the agency's headquarters in Arlington, Virginia "for enhanced coordination and communication and to be co-located with the Legal Support Team." In April 2004, the agency notified Ms. Gafford by letter that she was being reassigned to Virginia. But the agency did not require Ms. Gafford to relocate to Virginia immediately. Instead, the letter instructed her to notify the agency when her husband returned from active duty in the military. The letter explained that she would be reassigned once she informed the agency that her husband had returned.

In February 2005, after Ms. Gafford's husband returned from active duty, she was notified by letter that she would be reassigned effective April 30, 2005. Ms. Gafford subsequently requested that the agency delay the effective date of her reassignment so that her children could finish the school year. Accordingly, the agency changed the effective date of her reassignment to June 11, 2005.

Before the effective date, however, Ms. Gafford resigned. In her June 8 and June 9 resignation letters, Ms. Gafford stated that her resignation was involuntary.

On September 29, 2005, Ms. Gafford filed an appeal with the Board, alleging that her resignation was involuntary and thus amounted to a constructive removal. In the initial decision, the administrative judge concluded that Ms. Gafford had failed to make non-frivolous allegations that, if proven, could establish that her reassignment and

subsequent resignation amounted to a constructive adverse action. Consequently, the administrative judge dismissed Ms. Gafford's appeal for lack of jurisdiction. Gafford v. U.S. Postal Serv., No. DA0752050658-I-1, slip op. at 13 (M.S.P.B. Jan. 27, 2006). Although Ms. Gafford also claimed that the agency had discriminated against her on the basis of age and sex when it directed her transfer, the administrative judge held that the Board lacked jurisdiction to entertain those claims in the absence of an appealable adverse action.[1] Id., slip op. at 11.

Ms. Gafford petitioned for full board review of the administrative judge's initial decision. The Board denied the petition for review, making the administrative judge's initial decision the final decision of the Board. Gafford v. U.S. Postal Serv., No. DA0752050658-I-1 (M.S.P.B. July 27, 2006). Ms. Gafford now petitions this court for review of the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

In her petition to this court, Ms. Gafford alleges that the Board improperly dismissed her appeal for lack of jurisdiction because she alleged facts that establish that her resignation was coerced and was, therefore, involuntary. In addition, she argues that the Board should have granted her a hearing on the issue of involuntariness. Finally, she argues that the agency discriminated against her on the basis of age and sex when it directed her transfer.

We reject her arguments and affirm the Board's dismissal for lack of jurisdiction because Ms. Gafford has failed to allege facts that, even if proven, establish that her

---

[1] Because the administrative judge dismissed Ms. Gafford's appeal for lack of jurisdiction, he declined to address whether Ms. Gafford had shown good cause for filing her appeal nearly three months after the filing deadline. Id., slip op. at 1.

resignation was involuntary. She was therefore not entitled to a hearing on that issue. Moreover, because Ms. Gafford cannot establish that there was an appealable adverse action, we agree with the Board that it lacked jurisdiction to consider Ms. Gafford's discrimination claims.

A

The Board has jurisdiction to hear appeals only from certain types of adverse actions taken by an agency against an employee. Although the Board does not have jurisdiction to hear an appeal from an employee who resigned voluntarily, we have recognized that "an involuntary resignation constitutes an adverse action by the agency" that is appealable to the Board. Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc) (quoting Gratehouse v. United States, 512 F.2d 1104, 1108 (Ct. Cl. 1975)). Accordingly, if an employee can show that a resignation was involuntary because it was brought on by coercion, duress, or misrepresentation by the agency, the resignation will be deemed to be a constructive removal, and the Board has jurisdiction over the appeal. See Staats v. U.S. Postal Serv., 99 F.3d 1120, 1124 (Fed. Cir. 1996); Scharf v. Dep't of the Air Force, 710 F.2d 1572, 1574-75 (Fed. Cir. 1983).

But an employee's decision to resign is presumed to be voluntary, and an employee seeking to demonstrate otherwise is required to "satisfy a demanding legal standard." Garcia, 437 F.3d at 1329 (quoting Staats, 99 F.3d at 1124). In order to establish involuntariness due to coercion, the employee must show (1) that the agency effectively imposed the terms of the employee's resignation, (2) that the employee had no realistic alternative but to resign, and (3) that the employee's resignation was the result of improper acts by the agency. Id. These three elements are evaluated from the

perspective of a reasonable employee faced with similar circumstances. Id. In order to obtain a hearing on the issue of involuntariness due to coercion, the employee must make non-frivolous factual allegations that, if proven, would establish these elements. Id. at 1330.

As we have previously explained, the doctrine of coercive involuntariness is a narrow one:

> [i]t does not apply to a case in which an employee decides to resign or retire because he does not want to accept a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave. As this court has explained, the fact that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make the employee's decision any less voluntary. To adopt a different rule would enable an employee to defeat lawful agency action, such as a geographical transfer, by resigning in protest, appealing on the ground that the resignation was rendered involuntary by the hardship imposed by the transfer, and obtaining reinstatement (presumably with an immunity from the transfer) if the Board concluded that the employee retired unwillingly.

Staats, 99 F.3d at 1124 (internal citations omitted).

B

Ms. Gafford first argues that her reassignment was the result of improper acts by the agency. Specifically, Ms. Gafford alleges that the agency's Deputy Inspector General publicly stated that the decision to reassign the Field Attorneys was not made for any actual business reason, but instead was made after receiving "heavy fire from the hill" regarding support employees being scattered in field offices throughout the country. She claims that her reassignment thus violated 39 U.S.C. § 1002, which provides, in pertinent part:

> [E]ach appointment, promotion, assignment, transfer, or designation . . . of an officer or employee in the Postal Service . . . shall be made without

regard to any recommendation or statement, oral or written, with respect to any person who requests or is under consideration for such appointment, promotion, assignment, transfer, or designation, made by—
(1) any Member of the Senate or House of Representatives . . . .

39 U.S.C. § 1002(a).

We reject this argument. Ms. Gafford's allegations, even if proven, do not establish anything other than appropriate Congressional oversight of the agency's operations, which is not prohibited by § 1002.

C

Ms. Gafford also alleges facts that, she argues, show that a reasonable employee would have felt that there was no realistic alternative but to resign. For example, Ms. Gafford alleges that at various times agency officials provided inconsistent reasons for the agency's decision to transfer the Field Attorneys to Virginia. She also alleges that officials at the agency stated that it was anticipated that the Field Attorneys would not accept the reassignments due to their personal situations. She alleges that these circumstances, combined with the Deputy Inspector General's public comments regarding "heavy fire from the hill," and her fears regarding her future at the agency's headquarters, would have caused a reasonable person to feel coerced into resigning.

We disagree. We have carefully examined each of Ms. Gafford's allegations; however, the alleged circumstances, even if proven, are legally insufficient to constitute coercion. The circumstances she identifies may have been unpleasant for her, but they did not make her resignation any less voluntary. Nor was her resignation less than voluntary because she was faced with the difficult choice of either accepting the

reassignment or resigning. The fact remains, she did have a choice. She could have accepted the reassignment; she chose to resign instead.

Because Ms. Gafford failed to make non-frivolous allegations that, if proven, would establish the Board's jurisdiction, she was not entitled to a hearing, and the Board properly dismissed her claim for lack of jurisdiction. See Garcia, 437 F.3d at 1344.

D

Finally, Ms. Gafford argues that her reassignment was the product of age and sex discrimination. The Board held that it lacked jurisdiction over her discrimination claims. We agree.

The Board has jurisdiction to consider a discrimination claim only when it is asserted in an appeal from an adverse agency action. The Board may not consider a discrimination claim unaccompanied by an appealable action over which the Board does have jurisdiction. Garcia, 437 F.3d at 1342-43; Cruz v. Dep't of the Navy, 934 F.2d 1240, 1245-46 (Fed. Cir. 1991) (en banc). Although allegations of facts evidencing discrimination may be considered insofar as they illuminate involuntariness, Garcia, 437 F.3d at 1341, our approach "has been to ignore assertions of allegedly evil agency motives in finding resignations voluntary." Cruz, 934 F.2d at 1245.

In this case, the asserted act of discrimination was the agency's reassignment of Ms. Gafford to its headquarters in Virginia. But a discriminatory act, by itself, is not appealable to the Board. Nor does a reassignment constitute an adverse action appealable to the Board. Moreover, as explained above, Ms. Gafford has failed to allege facts sufficient to establish that her resignation was involuntary and thus

amounted to a constructive adverse action. Because there was no adverse action in this case, the Board lacked jurisdiction to consider Ms. Gafford's discrimination claims.[2]

Finally, we note that even though the Board does not have jurisdiction to hear Ms. Gafford's discrimination claims, she may be able to present those claims in another forum. For example, the record indicates that Ms. Gafford filed a complaint with the Equal Employment Opportunity Commission ("EEOC") that was dismissed for lack of jurisdiction. As we explained in Cruz, however, "if the EEOC dismissed [her] complaint because [she] was presenting the same issues to a court, the EEOC may reopen its proceedings on that complaint after the Board has dismissed [her] appeal for lack of jurisdiction." Id. at 1247-48.

## CONCLUSION

We have carefully considered the remainder of Ms. Gafford's arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's dismissal.

No costs.

---

[2] Ms. Gafford asks us to remand her case to the Board to allow her to present newly-obtained evidence in support of her discrimination claims. We decline to do so in light of our determination that the Board lacks jurisdiction over her discrimination claims.